IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GPNE CORP., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No: 6:07cv60 |
| | § | |
| TIME WARNER INC.; COMCAST | § | |
| CABLE COMMUNICATIONS, LLC; | § | |
| CHARTER COMMUNICATIONS, INC. | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, GPNE Corp. ("Plaintiff"), files this Original Complaint against Defendants, Time

Warner, Inc. ("Time Warner"), Comcast Cable Communications, L.L.C. ("Comcast"), and Charter

Communications, Inc. ("Charter"), and alleges as follows:

### THE PARTIES

1.    Plaintiff is a Delaware corporation with its principal place of business at 2556 Lemon Road,

B101 Honolulu, Hawaii 96815.

2.    Time Warner, on information and belief, is a corporation organized under the laws of the

State of New York.  Time Warner is doing business in Texas, and, on information and belief,

has a principal place of business at 1 Time Warner Center, New York, NY  10019-8016.

Time Warner may be served with process by serving its registered agent, the CT Corporation System, 701 Brazos Street, Suite 360, Austin, TX 78701.

3.  Comcast, on information and belief, is a corporation organized under the laws of the State of Delaware.  Comcast is doing business in Texas, and, on information and belief, has a principal place of business at 1500 Market Street, Philadelphia, PA 19102-2148.  Comcast may be served with process by serving its registered agent, Comcast Capital Corporation at 1201 Market Street, Suite 1000, Wilmington, DE 19801.

4.  Charter, on information and belief, is a corporation organized under the laws of the State of Delaware.  Charter is doing business in Texas, and, on information and belief, has a principal place of business at 12405 Powerscourt Drive, St. Louis, MO 63131.  Charter may be served with process by serving its registered agent, Corporation Service Company DBA CSC-Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, TX 78701.

## JURISDICTION & VENUE

5.  This is an action for infringement of a United States patent.  Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 et. seq. and jurisdiction is properly based on Title 35 United States Code, particularly § 271, and title 28 United States Code, particularly § 1338(a).

6.  Time Warner, upon information and belief, transacts business in this judicial district by manufacturing, using, selling, or offering to sell products as described and claimed in United States Patent No. 6,282,406, the patent at issue in this lawsuit, and/or by conducting other business in this judicial district.

7.     Comcast, upon information and belief, transacts business in this judicial district by manufacturing, using, selling, or offering to sell products as described and claimed in United States Patent No. 6,282,406, the patent at issue in this lawsuit, and/or by conducting other business in this judicial district.

8.     Charter, upon information and belief, transacts business in this judicial district by manufacturing, using, selling, or offering to sell products as described and claimed in United States Patent No. 6,282,406, the patent at issue in this lawsuit, and/or by conducting other business in this judicial district.

9.     Venue is proper in this court under Title 28 United States Code § 1391(b) and 1400(b).

<strong>PATENT INFRINGEMENT COUNT</strong>

10.     On August 28, 2001, United States Patent No. 6,282,406 ("the '406 patent") entitled "Paging Method and Apparatus" was duly and legally issued. A true and correct copy of the '406 patent is attached as Exhibit A.

11.     Pursuant to 35 U.S.C. § 282, the above-listed United States Patent is presumed valid.

12.     Plaintiff, GPNE Corp., is the owner of the '406 patent.

13.     Time Warner, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '406 patent, including for example and without limitation all DOCSIS certified cable modems, as well as any other cable modems or other devices acting or capable of acting in the manner described and claimed in the '406 patent.

14.     Comcast, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '406 patent, including for example and without limitation all DOCSIS

certified cable modems, as well as any other cable modems or other devices acting or capable of acting in the manner described and claimed in the '406 patent.

15.     Charter, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '406 patent, including for example and without limitation all DOCSIS certified cable modems, as well as any other cable modems or other devices acting or capable of acting in the manner described and claimed in the '406 patent.

16.     The infringement of the '406 patent alleged above has injured the Plaintiff and thus, it is entitled to recover damages adequate to compensate for Time Warner, Comcast, and Charter's infringement, which in no event can be less than a reasonable royalty.

## DEMAND FOR JURY TRIAL

17.     Plaintiff hereby demands a jury trial on all claims and issues.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for entry of judgment:

A.     that Defendants, Time Warner, Comcast, and Charter, have infringed one or more claims of the '406 patent;

B.     that Defendants, Time Warner, Comcast, and Charter, account for and pay to Plaintiff all damages caused by the infringement of the '406 patent, which by statute can be no less than a reasonable royalty;

C.     that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Defendants, Time Warner, Comcast, and Charter's infringement of the '406 patent;

D.     that Plaintiff be granted its attorneys' fees in this action;

E.      that costs be awarded to Plaintiff;

F.      that Plaintiff be granted such other and further relief as the Court may deem just and

proper under the current circumstances.


                                        Respectfully submitted,



Date: 01/31/2007                        /s/ John Ward, Jr.
                                        T. John Ward, Jr.
                                        Texas Bar No. 00794818
                                        Law Office of T. John Ward, Jr., P.C.
                                        111 W. Tyler Street
                                        Longview, Texas 75601
                                        Telephone:  (903) 757-6400
                                        Facsimile:   (903) 757-2323
                                        E-mail:      jw@jwfirm.com

                                        Edward W. Goldstein
                                        LEAD ATTORNEY
                                        Texas Bar No. 08099500
                                        E-mail: egoldstein@gfpiplaw.com
                                        Christopher M. Faucett
                                        Texas Bar No. 00795198
                                        E-mail: cfaucett@gfpiplaw.com
                                        Matt Prebeg
                                        Texas Bar No. 00791465
                                        E-mail: mprebeg@gfpiplaw.com
                                        Corby R. Vowell
                                        Texas Bar No. 24031621
                                        E-mail: cvowell@gfpiplaw.com
                                        GOLDSTEIN,  FAUCETT & PREBEG L.L.P
                                        1177 West Loop South, Suite 400
                                        Houston, TX 77027
                                        Telephone: (713) 877-1515
                                        Facsimile:   (713) 877-1737

                                        *ATTORNEYS FOR PLAINTIFF*

F:\CLIENT\4\4763 GPNE\004 DOCSIS\Pleadings\Complaint DOCSIS.doc